2013 VT 110

### Chantal O'CONNOR v. John O'CONNER

[87 A.3d 532]

No. 13-083

¶ 1. November 21, 2013. The Office of Child Support appeals from a decision of the magistrate that found the allocation of tax dependents to be a nonmodifiable provision of a divorce order. We dismiss the appeal.

¶ 2. Parents Chantal and John O'Connor were divorced in January 2011. By agreement, parents shared physical and legal rights and responsibilities for their two children, Sean and Michael, then ages 16 and 13, and agreed the boys would reside primarily with mother. Pursuant to a stipulation of the parties that was incorporated into the Order of Divorce, father was entitled to declare Sean as a dependent on tax returns, while mother was entitled to declare Michael. The Order further stipulated that "[o]nce Sean can no longer be declared as a tax deduction, tax deduction for Michael will alternate between the parties."

¶ 3. In December 2012, a hearing was held on three pending motions, including modification of maintenance and child support. The parties agreed that father would have sole physical rights and responsibilities for the boys and 'that parents would share legal rights and responsibilities. On December 27, 2012, the court issued a decision on modification of spousal maintenance and child support that responded to the changed situation.

However, the decision failed to address father's request that he be allowed to claim both children as exemptions on his income taxes.

¶ 4. On January 8, 2013, the Office of Child Support (OCS) filed a motion for relief from judgment and a motion to address tax exemptions. OCS asked the court to correct the amount of past-due child support due and owing. It also moved to allow father to claim both children as exemptions consistent with Internal Revenue Service regulations as he had been awarded sole physical custody and the tax issue had not been addressed in the court's decision of December 27, 2012. In the resulting new Child Support Order, the court corrected the error of past-due child support but ruled that "all other provisions of the December 27, 2012 order remained in full force and effect." On January 9, 2013, the court amplified that order to read as follows: "the tax exemptions for the children are part of the final order of divorce and nonmodifiable. No change is made to that divorce provision."

¶ 5. On January 14, mother filed a response to OCS's motion wherein she joined the request of OCS that the amount of arrearage be corrected. She also agreed that the subject of the exemptions was not part of the written decision and asked "that the Magistrate reflect her decision regarding the tax exemption in writing," but objected to father being granted tax exemptions for both children.

¶ 6. On January 23, 2013, OCS filed a motion asking "the Child Support Magistrate to reconsider the Child Support Order herein filed January 9, 2013," and arguing that tax exemptions are modifiable. In an entry order dated January 25, the magistrate ruled that "[t]his issue has

been before the magistrate in another case and was appealed to the family court judge who ruled it was nonmodifiable if in the divorce." OCS appealed.

¶ 7. In lieu of filing an appellee's brief, mother filed a letter with this Court on May 23, 2013 wherein she agreed to allow father to claim both children since the custody order has changed. Because the parents have resolved the issue of who may claim the tax exemptions for their sons, this case is dismissed.[*]

*Dismissed.*

---

[*] This resolution eliminates the need to address whether this direct appeal from a decision of a magistrate is properly before this Court.